S11Y1060. IN THE MATTER OF ANTHONY O'DELL LAKES.
(711 SE2d 693)

PER CURIAM.

This disciplinary matter is before the Court on the Report and Recommendation of the special master, Hezikiah Sistrunk, Jr., recommending that Respondent Anthony O'Dell Lakes (State Bar No. 431153) be disbarred for his violations of Rules 1.3, 1.4, 1.15 (I), 1.15 (II), 1.16 (d), 8.4 (a) (4) and 9.3 of the Rules of Professional Conduct found in Bar Rule 4-102 (d). The maximum punishment for violating Rules 1.3, 1.15 (I) and (II) and 8.4 (a) (4) is disbarment. The maximum punishment for violating the other rules charged is a public reprimand. After the sheriff returned service of the Formal Complaint non est inventus, the State Bar served Lakes by publication, see Bar Rule 4-203.1 (b) (3) (ii). He did not file an answer within 30 days and the special master entered an order on November 15, 2010 finding him in default. Accordingly, the facts alleged and the violations charged in the Formal Complaint are deemed admitted, see Bar Rule 4-212 (a).

As admitted, the facts show that Lakes was an associate in a law firm hired by clients to represent them in connection with their sale of stock ownership in a restaurant. The buyer purchased the business for $224,000, financed by a promissory note, stock pledge and security agreement. When the buyer defaulted, Lakes began efforts to collect the unpaid balance and by Fall of 2008 his clients had received all but $22,000. In December 2008, Lakes left the law firm and took the clients' file with him. He last spoke to the clients in January 2009 and thereafter failed to communicate with them. In January 2009 Lakes collected $16,000 from the buyer, but has failed to account for those funds, promptly deliver them to the clients or place the funds in his trust account. Instead, Lakes commingled the clients' funds with his own and converted the funds to his own use. The clients obtained a new attorney who spoke with Lakes in June 2009. Lakes promised to return the clients' file, but never delivered it to the new attorney.

Lakes violated Rule 1.3 by wilfully failing to take any action on his clients' behalf after January 2009. He violated Rule 1.4 by failing to communicate with his clients about the status of their case and did not return their phone calls. He violated Rule 1.15 (I) when he collected fiduciary funds, failed to account for the funds, failed to promptly deliver the funds to his clients and failed to keep them separate from his own funds. Lakes violated Rule 1.15 (II) when he failed to deposit and administer the clients' funds from a trust account and when he commingled those funds with his own. He violated Rule 1.16 (d) by failing to return the clients' file to their new attorney. He violated Rule 8.4 (a) (4) when he failed to deliver fiduciary funds and told the new lawyer he would return the files but did not do so. Lakes violated Rule 9.3 by not responding to the Notice of Investigation in accordance with Bar Rules.

Having reviewed the record, we conclude that disbarment is the appropriate sanction in this case. Accordingly, the name of Anthony O'Dell Lakes hereby is removed from the rolls of attorneys authorized to practice law in the State of Georgia. He is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED JUNE 13, 2011.

*Paula J. Frederick, General Counsel State Bar, Jenny K. Mittelman, Assistant General Counsel State Bar*, for State Bar of Georgia.